ERIC GRANT
United States Attorney
LUKE BATY
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile:  (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  1:25-CR-00054-KES-EPG |
| Plaintiff, | STIPULATION TO CONTINUE STATUS CONFERENCE AND EXCLUDE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER |
| v. | |
| VICTOR MANUEL ALVAREZ, | |
| Defendant. | |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through her counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for a status conference on May 13, 2026.

2. Counsel for the Defendant began a months-long homicide trial in Kern County Superior on May 11, 2026. Counsel anticipates that trial concluding on or about June 26, 2026.

3. By this stipulation, the parties now move to continue the status conference to July 22, 2026, and to exclude time between May 13, 2026, and July 22, 2026, pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv).

4. The parties agree and stipulate, and request that the Court find the following:

a) The government provided initial discovery to the defense. The discovery generally consisted of law enforcement reports, photos, and undercover reports and recordings.

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

b)    Defense counsel is continuing to review the discovery and investigate the case.

c)    A plea offer was extended to the Defendant on October 24, 2025.

d)    The Defendant requests additional time to review the plea offer and engage in further plea negotiations with the government.

e)    The defendant asks the Court to exclude time between December 10, 2025, and March 11, 2026, to account for time to discuss and formalize a plea with the Government and defendant, taking into account the exercise of due diligence

f)    The government does not object to the continuance.

g)    Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act.

h)    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of May 13, 2026 to July 22, 2026, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv), because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

5.    Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  May 12, 2026                                          ERIC GRANT
                                                             Acting United States Attorney

                                                             /s/ LUKE BATY
                                                             LUKE BATY
                                                             Assistant United States Attorney

Dated:  May 12, 2026

                                                             /s/ DAVID TORRES
                                                             DAVID TORRES
                                                             Counsel for Defendant

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

# O R D E R

The status conference is continued from May 13, 2026, to **July 22, 2026, at 1:00 p.m. in Courtroom 10 before Magistrate Judge Erica P. Grosjean**.

IT IS FURTHER ORDERED THAT the period of time from **May 13, 2026,** through **July 22, 2026,** is excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated:   **May 12, 2026**                    /s/ *Erica P. Grosjean*
                                        UNITED STATES MAGISTRATE JUDGE

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

3